UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN C. WELDON,

    Plaintiff,

v.                                          CASE No. 8:05-CV-2074-T-26TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____

REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of his claim for supplemental security income payments.[1] Because the decision of the Commissioner of Social Security fails to evaluate the side effects of the plaintiff's pain medication, it should be reversed and the matter remanded for further consideration.

I.

The plaintiff, who was forty-nine years old at the time of the administrative hearing and who has the equivalent of a high school education

---

[1] This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

(Tr. 336), has worked in printing, construction and painting (Tr. 78). He filed a claim for supplemental security income payments, alleging that he became disabled due to a degenerating bone in his spine, asthma, chronic sinusitis, high blood pressure, and whiplash (Tr. 87). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of lumbar spondylosis with bulging disc, stenosis of the cervical spine with bulging discs, asthma, arthritis, hypertension, and polysubstance dependence in remission (Tr. 36). He concluded that, due to these impairments, the plaintiff was limited to lifting or carrying twenty pounds occasionally, and ten pounds frequently; balancing, stooping, kneeling, crouching, crawling, and climbing ramps and stairs occasionally; and was restricted from ever climbing ladders, ropes, or scaffolds (Tr. 38). The law judge further found that the plaintiff could stand or walk for about six hours in an eight-hour workday and could sit for about six hours in an eight-hour workday, but required the option to sit or stand at will (id.). The law judge also determined that the plaintiff must avoid concentrated exposure to

extreme cold, heat, fumes, odors, dusts, gases, and poor ventilation, and must avoid even moderate exposure to hazards (id.).

Based on the testimony of a vocational expert, the law judge determined that these limitations precluded the plaintiff from returning to his past work (id.). However, the law judge concluded from the vocational testimony that there were jobs in the national economy that the plaintiff could perform, such as a bench assembler or cashier (Tr. 40). The law judge, therefore, decided that the plaintiff was not disabled (Tr. 41). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner (Tr. 3).

## II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by

medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on several grounds: (1) The law judge improperly disregarded the opinion of the plaintiff's treating physician (Doc. 14-1, pp. 8-13); (2) the law judge either rejected, or did not consider, the side effects of the medication the plaintiff takes for pain relief (id. at 15-16); (3) the law judge erred in discounting the plaintiff's complaints of pain (id. at 16-17); (4) the law judge did not properly evaluate the plaintiff's limitations on reaching, handling, and fingering (id. at 17-19); and (5) the law judge failed to assess the plaintiff's poor bladder control (id. at 19). The contention regarding the law judge's failure to evaluate the side effects of medication has merit and warrants a remand.

Diagnostic testing shows that the plaintiff has bulging discs in his cervical area that are causing spinal cord compression (Tr. 187). Consequently, a neurosurgeon and an orthopedic surgeon have recommended surgery (Tr. 187, 324). The plaintiff, furthermore, complains of lower back pain.

For his neck and back pain, the plaintiff has been prescribed extra strength Vicodin and Flexeril (Tr. 353). The plaintiff testified that this medication "alleviates the pain but . . . doesn't take it all away" (id.). The plaintiff has told his treating primary care doctor that, without the pain pills, his pain is nine on a ten-point scale, but that, with the pills, the pain is three on the ten-point scale (Tr. 262).

However, the plaintiff testified that these medications make him drowsy (Tr. 353). He added (id.):

> It's sort of like relaxes your whole body, you know it's in there, you know, but you're aware of what's going on around you, but it's, it's, you know, it just has you real drowsy, you know, like you maybe want to go to sleep or something like that.

Testimony from the vocational expert demonstrates that the plaintiff's testimony regarding side effects was critical to an evaluation of the plaintiff's claim of disability. Thus, the expert testified that, if the plaintiff's testimony concerning the side effects was accepted, it would eliminate the two jobs identified by the expert as work that exists in the economy that could be performed by an individual with the residual functional capacity stated by the law judge (Tr. 360). The expert indicated that, if the medication made the plaintiff as drowsy as he said it did, it would impair his concentration and his

ability to maintain consistency and pace (id.). In that event, there would be no jobs that the plaintiff could perform (Tr. 360-62).

Under these circumstances, the law judge was clearly required to articulate an adequate reason for not accepting the plaintiff's testimony regarding the side effects of his medication. See Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (law judge must state explicit and adequate reasons for discounting subjective symptoms). Notably, the regulations expressly provide that the side effects of medication are to be taken into consideration in evaluating a plaintiff's symptoms. 20 C.F.R. 416.929(c)(3)(iv).

In this case, however, the law judge failed to give any reason for discounting the plaintiff's testimony that his pain medication makes him "real drowsy" (Tr. 353). Thus, although the law judge mentioned that testimony (Tr. 37), he did not provide an explanation for rejecting it, contrary to the assertion in the Commissioner's memorandum (Doc. 17-1, pp. 11-17). In the absence of such an explanation, this court cannot determine whether the law judge considered the plaintiff's testimony in deciding whether the plaintiff is disabled, and, if so, whether he had a reasonable basis for discounting it.

Cowart v. Schweiker, 662 F.2d 731, 737 (11th Cir. 1981). Consequently, the failure to make a finding on that critical issue warrants a remand.

The plaintiff makes a similar argument that the law judge failed to address the plaintiff's complaints about lack of bladder control. Although the plaintiff testified about this problem (Tr. 351), the medical evidence concerning it is sparse. Moreover, one examining doctor reported no urgency or frequency (Tr. 173). Therefore, it is doubtful that this issue, by itself, would require a remand. Nevertheless, on remand, the Commissioner should give proper consideration to this alleged problem.

The plaintiff also challenges the law judge's credibility determination with respect to the plaintiff's complaints of pain. On that issue, the law judge referred to the governing standards set out in the regulations and pertinent Social Security Ruling (Tr. 36-37). Moreover, he provided a reasonable basis for discounting the subjective complaints. In particular, after pointing out that, with his pain pills, the plaintiff's level of severity is three out of ten, the law judge stated that, "it appears that the claimant obtains significant pain relief with prescribed medication and, accordingly, should be able to perform work activity within the parameters of the residual functional capacity found in this case despite any pain he may experience" (Tr. 37).

The plaintiff contends, in addition, that the law judge erred in discrediting the plaintiff's alleged limitations regarding reaching, handling, and fingering with both hands. Here, again, the law judge addressed this complaint and pointed to evidence that supported a discounting of it (id.). This explanation was reasonable, and the plaintiff has failed to demonstrate that the evidence compels a different conclusion. See Adefemi v. Ashcroft, 384 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

The plaintiff argues also that the law judge improperly disregarded treating physician Dr. Joel V. Mabalot's assessment of the plaintiff's ability to do work-related activities. It is well-established that opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not doing so. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Here the law judge gave valid reasons for disagreeing with Dr. Mabalot's opinions regarding the plaintiff's limitations as he felt they

were based on the subjective complaints, which he had rejected, and were not supported by clinical findings (Tr. 38).[2] Moreover, the opinions were conclusory in that there was no significant explanation provided for them (see Tr. 256, 330-32). Furthermore, the plaintiff's statement to Dr. Mabalot, that with his pain medication his pain is reduced to three out of ten, contradicts Dr. Mabalot's opinions (unless those opinions reflect side effects of medication). For these reasons, there was good cause for rejecting the limitations set out by Dr. Mabalot.

IV.

The decision of the Commissioner is, therefore, flawed due to a failure to evaluate the side effects of the plaintiff's pain medication.

---

[2] The plaintiff points out that the law judge erroneously attributed one medical record to Dr. Mehul Shah, a partner of Dr. Mabalot (Tr. 38, 263). The failure to decipher Dr. Mabalot's scrawl on a conclusory note does not justify a remand.

-10-

Accordingly, I recommend that the decision be reversed and the matter be remanded for further consideration.

Respectfully submitted,

DATED: JAN. 31, 2007

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).